```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GAIL F. CZEREPINSKI,

                    Plaintiff,
      -against-                              MEMORANDUM & ORDER
                                             Case No. 06-CV-6510 (FB)
MICHAEL J. ASTRUE, Commissioner of Social
Security,

                    Defendant.
------------------------------------------------------------x
```

*Appearances:*
For the Plaintiff:For the Defendant:
CHARLES E. BINDER, ESQ.ROSLYNN R. MAUSKOPF, ESQ.
Binder and BinderUnied States Attorney
215 Park Avenue SouthEastern District of New York
6th FloorBy: KAREN T. CALLAHAN, ESQ.
New York, New York 11361Special Assistant United States Attorney
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Plaintiff Gail F. Czerepinski ("Czerepinski") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). The Commissioner moves for an order affirming his decision; Czerepinski moves for an order remanding solely for calculation of benefits. For the following reasons, the Commissioner's motion is denied and Czerepinski's motion is granted, in part.

On February 28, 2006, an administrative law judge ("ALJ") found that: (1) Czerepinski has not engaged in substantial gainful activity since July 1, 2002, the alleged date of disability; (2) Czerepinski has lumbar degenerative disc disease, a severe

1

impairment; (3) the impairment is "not 'severe' enough" to render Czerepinski *per se* disabled, A.R. at 18;[1] and (4) Czerepinski retains residual functional capacity ("RFC") to return to her past relevant work as a collection clerk, accounts payable clerk and receptionist as generally performed in the national economy. *See id.* at 16-23. Based on these findings, the ALJ determined that Czerepinski was not disabled within the meaning of the Social Security Act. The decision became the Commissioner's final decision when the Appeals Council denied Czerepinski's request for review on October 17, 2006.

On appeal, Czerepinski argues that the ALJ erred by failing to explain, with the requisite specification, the rationale for her determination that Czerepinski was not *per se* disabled; in that regard, she argues that the Court should, as a matter of law, find her *per se* disabled under Listing 1.04A of 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Listing 1.04A") and remand solely for the calculation of benefits. In the alternative, Czerepinski argues that remand for further development of the record is warranted because the ALJ erred in rejecting the RFC opinions of three treating sources, and the ALJ's determination that Czerpinski's subjective complaints were not credible was not supported by substantial evidence.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)

---

[1] "A.R." refers to the administrative record.

2

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

# I.

In order to be found *per se* disabled under Listing 1.04A, a claimant must establish that a disorder of the spine, such as degenerative disc disease, results in the compromise of a nerve root or spinal cord, with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and . . . positive straight leg raising test[.]" Listing 1.04A.

The ALJ found that Czerepinski suffers from degenerative disc disease, and in arguing that she is *per se* disabled, Czerepinski identifies various medical records which she contends establish the other conditions required by Listing 1.04A, *see* A.R. at 107 (distributed pain), *id.* at 123 (limited motion of spine), *id.* at 126 (MRI revealed impingement of thecal sac and degenerative changes of facet joints), *id.* at 127 (motor loss and positive straight leg raising), *id.* at 144 (sensory loss and diminished ankle reflexes), *id.* at 207 (limited motion in spine and positive straight leg raising), *id.* at 241 (limited motion in spine), *id.* at 242 (radiating pain in back and both legs), *id.* at 246 (motor loss and positive straight leg raising). The ALJ did not address any of this evidence in concluding that Czerepinski is not *per se* disabled.

## A. Sufficiency of the ALJ's decision

In *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982), the Second Circuit directed the Commissioner to "set forth a sufficient rationale in support of his decision to find or not find a listed impairment" when a claim for disability is premised upon a *per se* disability.

3

*Id.* at 469. The court further stated that in cases where it is "unable to fathom the rationale in relation to the evidence in the record . . . , [it] would not hesitate to remand the case for further findings or a clearer explanation for the decision." *Id.*

In determining that Czerepinski is not *per se* disabled, the ALJ concluded that Czerepinski's impairment is "not 'severe' enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1." A.R. at 18. The only basis for this conclusion was that the ALJ had "particularly considered the Muskuloskeletal impairments Section 1.04 A-C;" nevertheless, the ALJ concluded, without elaboration, that "claimant does not have the specific findings required." *Id.* This explanation was insufficient because it failed to address the evidence which Czerepinski contended supported a finding of *per se* disability; thus, it failed to provide a basis for meaningful judicial review. *See Ferraris* v. Heckler, 728 F.3d 582, 587 (2d Cir. 1984) ("[T]he crucial factors in [the ALJ's] determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.").

## B. *Per se* disabled as a matter of law

While the ALJ's basis for denying Czerepinski's claim of *per se* disability was insufficient, the Court can find a claimant *per se* disabled and order benefits be paid "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); those conditions are not met here.

"For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria," *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis

4

added); furthermore, "[b]ecause abnormal physical findings may be intermittent, their presence over a period of time must be established," 20 C.F.R. Pt. 404, Subpt. P, App. 1 at 1.00D. While there is evidence that some of the conditions required by Listing 1.04A were present during multiple examinations of Czerepinski, indicating their presence over a period of time, sensory or reflex loss was only found on one occasion, *see* A.R. at 144; furthermore, there is no medical determination that the sensory or reflex loss "accompanied" motor loss, as required by Listing 1.04A. Therefore, remand to determine whether Czerepinski suffered from *all* the conditions required by Listing 1.04A over a period of time is required.[2] *See Butts*, 388 F.3d at 385 ("[W]here the administrative record contains gaps, remand to the Commissioner for further development of the evidence is appropriate."); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) ("The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel.").

## II.

Since the record, in its current state, does not persuasively prove that Czerepinski is *per se* disabled, the Court addresses her alterative arguments that the ALJ erred in determining Czerepinski's RFC and that Czerepinski's testimony was not credible.

### A. The ALJ's RFC finding

A claimant's treating physician's opinion is given controlling weight if it is well supported by medical evidence and not inconsistent with other substantial evidence,

---

[2] It does not appear that any medical professional has opined on whether Czerepinski meets requirements of Listing 1.04A; obtaining such an opinion would be a method of proceeding on remand.

*see* 20 C.F.R. § 416.927(d); however, a treating physician's opinion about a claimant's RFC or disability status is not afforded the same weight, *see* 20 C.F.R. § 416.927(e).

In determining that Czerepinski retained sufficient RFC to return to her past relevant work as performed in the national economy, the ALJ rejected the opinions of Czerepinski's three treating physicians because of various inconsistences. *See* A.R. 19-21 However, "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). Having identified inconsistences in the treating physicians' records, the ALJ should have taken steps to supplement her findings. *See id.* at 80 ("It is entirely possible that [the doctor], if asked, could have provided a sufficient explanation.") (quotations omitted).

The ALJ also found that Czerepinski retained the RFC "to perform sedentary work, lifting/carrying 10 pounds occasionally, sitting 6 out of 8 hours, standing 2 out of 8 hours, with an option to sit or stand as needed." A.R. at 22. The Court's review of the record reveals that the ALJ's conclusion was based on an RFC assessment, Exhibit 11F, performed by a disability analyst, not a doctor. *See id.* at 210-17. Substantial evidence does not justify the ALJ's RFC determination because Exhibit 11F should not have been given any weight; despite the ALJ's statement that she would "not be giving any weight to Exhibit 11F because it [was] not an acceptable medical source who prepared it," *id.* at 292, the ALJ appeared to rely on the exhibit.

## B. Czerepinski's Credibility

In finding Czerepinksi's testimony "not fully credible," the ALJ relied on several factors, one of which was the supposed inconsistency between Czerepinski's

testimony "that her back had worsened since July 2002," and medical records which the ALJ interpreted to mean that the onset of Czerepinski's back pain occurred in August of 2003. *Id.* at 21. However, the record does not support this finding; to the contrary, there is substantial evidence *corroborating* Czerepinski's testimony, which was apparently overlooked by the ALJ: Czerepinski reported back pain to Dr. Kenneth Ackerman, her long time internist, on May 16, 2002, *id.* at 158, and returned to Dr. Ackerman on July 15, 2002 to follow up on the same complaint, *id.* at 157.

Another factor the ALJ relied on in making her credibility determination was her conclusion that Czerepinski's "testimony that she sleeps during the day on and off for two hours has no medical basis," *id.* at 21; however, there *is* a medical basis for Czerepinski's testimony because she testified that she takes the drug Ultracet, A.R. at 304, and a known side effect of that drug is drowsiness, *see* TRAMADOL/ACETAMINOPHEN - ORAL (Ultracet) side effects, medical uses, and drug interactions, http://www.medicinenet.com/tramadolacetaminophen-oral/article.htm (last visited Oct. 1, 2007). Furthermore, the ALJ improperly opined that Czerepinski could change her medication "if it makes her so groggy as to significantly interfere with her activities of daily living." *Id.* at 21; *See Shaw v. Carter*, 221 F.3d 126, 134 (2d Cir. 2000) (holding that the ALJ may not substitute her expertise or view of medical proof for the treating physician's opinion).

Finally, the Court notes that on remand the ALJ should bear in mind that the Second Circuit "has repeatedly held that a claimant's testimony concerning his pain and suffering is not only probative on the issue of disability, but may serve as the basis for establishing disability, even when such pain is unaccompanied by positive clinical findings

7

or other 'objective' medical evidence." *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir. 1980). The ALJ's evaluation of allegations of pain "should be arrived at in light of *all* the evidence regarding the extent of the pain. . . . The ALJ's observations [at the hearing] are entitled to limited weight." *Rivera v. Schweiker*, 717 F.2d 719, 724 (2d Cir. 1983) (citations omitted, emphasis in original).

## CONCLUSION

The Commissioner's motion for affirmance is denied; Czerepinski's motion for remand for the calculation of benefits is denied, but otherwise granted

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 9, 2007